ORIGINAL

# In the United States Court of Federal Claims

*Pro Se*

No. 15-1533C

(Filed: May 11, 2016 | Not For Publication)

FILED

MAY 1 2 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| SALEEM EL-AMIN, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se; Subject Matter Jurisdiction; Due Process Clause; 28 U.S.C. § 1495; Unjust Conviction. |

*Saleem El-Amin*, Inez, KY, Plaintiff, *pro se*.

*Matthew P. Roche*, Trial Attorney, with whom were, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**Kaplan, Judge.**

This case is currently before the Court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). For the reasons set forth below, the government's motion is **GRANTED** and this case is **DISMISSED** without prejudice.[1]

---

[1] Plaintiff has filed a request to proceed in forma pauperis. To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a list of all of his assets, a declaration that he is unable to pay the fees or give the security for an attorney, and a statement of the nature of his action and his belief that he is entitled to judgment. 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(a)(1)(2), a plaintiff who is a prisoner, must also submit "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." Here, Plaintiff has satisfied all of these requirements, and

## BACKGROUND

On May 7, 2014, the pro se plaintiff, Saleem El-Amin, was charged with one count of armed robbery in violation of D.C. Code §§ 22-4502 and 22-2801. Def.'s Mot. to Dismiss (Def.'s Mot.) at A5, ECF No. 9.[2] Mr. El-Amin was thereafter preventively detained pursuant to D.C. Code § 23-1322(b). Id. On July 8, 2014, a second charge was filed against Mr. El-Amin for assault with a dangerous weapon in violation of D.C. Code § 22-402. Id. at A4. On September 16, 2014, a jury found Mr. El-Amin guilty of one count of armed robbery and the charge of assault with a dangerous weapon was dismissed. Id. at A2. On November 14, 2014, El-Amin was sentenced to be incarcerated for a term of 120 months. Id. Mr. El-Amin is currently appealing his conviction. Id. at A1.

Mr. El-Amin filed his complaint in this case on December 16, 2015. See Compl., ECF No 1. Citing Davis v. Passman, 442 U.S. 229 (1979), and claiming a violation of his Fifth Amendment due process rights, Mr. El-Amin seeks an award of $117,600 in "backpay," apparently for wages lost since he has been incarcerated pursuant to his conviction for armed robbery. Id. at 1–2. His complaint also seeks "injunctive relief of incarceration," which the Court takes to mean an order directing his release from imprisonment. Id. at 2.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It may therefore consider matters outside of the pleadings in ruling on a motion to dismiss pursuant to RCFC 12(b)(1). See Reynolds v. Army and Airforce Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (finding that to determine jurisdiction the "court may consider relevant evidence in order to resolve the factual dispute").

It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

Under the Tucker Act, this Court is granted jurisdiction to "render judgment upon any claim against the United States founded . . . upon the Constitution . . . for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). However, the Tucker Act does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a

---

the Court therefore **GRANTS** his application to proceed in forma pauperis for the limited purpose of dismissing the complaint.

[2] "A___" refers to pages from the appendix attached to the government's motion to dismiss.

plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 U.S. 1299, 1306 (Fed. Cir. 2008).

In this case, as noted, Mr. El-Amin seeks an award of money damages based on an alleged violation of his rights under the Due Process Clause of the Fifth Amendment. The Due Process Clause, however, is not a money mandating provision and, hence, this Court lacks Tucker Act jurisdiction over Mr. El-Amin's claims predicated on the Fifth Amendment. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Court of Federal Claims lacks jurisdiction to entertain Fifth Amendment Due Process Clause claims because the Fifth Amendment does "not mandate payment of money by the government").

Moreover, to the extent that Mr. El-Amin seeks relief from his criminal conviction, this Court lacks jurisdiction to review determinations made by other courts. Mora v. United States, 118 Fed. Cl. 713, 716 (2014) ("[T]his court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals."). Nor does it have jurisdiction generally to adjudicate criminal claims. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

Finally, Mr. El-Amin's claims do not fall within the purview of 28 U.S.C. § 1495, which provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." For one thing, Mr. El-Amin has not secured a reversal of his conviction or produced the requisite certification of his innocence of the offense of which he appears to claim he was improperly convicted. See 28 U.S.C. § 2513(a)–(b) (requiring the production of such a certificate in order to invoke the court's jurisdiction under 28 U.S.C. § 1495). For another, he was not convicted, unjustly or otherwise, of "an offense against the United States." See 28 U.S.C. § 1495. Rather, he complains of an unjust conviction for violation of provisions of the D.C. Code. Violations of the D.C. Code are not "offenses against the United States;" they are offenses against the local jurisdiction. See United States v. Mills, 964 F.2d 1186, 1191 (D.C. Cir. 1992) (en banc) (violation of D.C. Code not a "federal criminal offense" within the meaning of the Speedy Trial Act, 18 U.S.C. § 3172, even where code encompasses conduct made criminal by federal law); cf. Key v. Doyle, 434 U.S. 59, 61 (1977) (holding that a law applicable only in the District of Columbia is not a "statute of the United States" for purposes of 28 U.S.C. § 1257(a), which provides for review by appeal to the Supreme Court in cases "where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States").

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and this action is **DISMISSED** without prejudice.

Plaintiff's motion for summary judgment, which was stayed pending the resolution of the government's motion to dismiss, is **DENIED** as moot. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge